IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 6:12-CR-36-RC |
| | § | |
| VALERIE LYNN DOYLE (3) | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender under Supervision" filed August 8, 2017, alleging that the defendant, Valerie Lynn Doyle, violated her conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n. 1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(1) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.     The Original Conviction and Sentence

Defendant was sentenced on March 13, 2013, by Chief United States District Judge Ron Clark, after pleading guilty to the offense of Possession of a List 1 Chemical with Intent to Manufacture Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. Chief Judge sentenced Defendant to 70 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, the $100 special assessment fee, and a 5-year restriction on federal benefits. On March

18, 2015, Defendant's term of imprisonment was reduced to 57 months, pursuant to 18 U.S.C. § 3582(c)(2).

## II. The Period of Supervision

On March 21, 2016, Defendant completed her period of imprisonment and began service of the term of supervised release.

## III. The Petition

United States Probation Officer Hunter Eppes filed the Petition for Warrant for Offender Under Supervision raising eleven allegations. The petition alleges that Defendant violated the following conditions of release:

> Allegation 1. The defendant shall not commit another federal, state, or local crime. Here, it is alleged that on or about June 10, 2017, at approximately 1:03 AM, Defendant was arrested by Texas DPS Troopers in Hunt County, Texas, for Failure to Identify, violating Texas Penal Code Sec. 38.02, Tampering with Physical Evidence, violating Texas Penal Code Sec. 37.09, and Possession of a Controlled Substance in Penalty Group 1, 4 grams or more but less than 200 grams, violating Texas Health and Safety Code Sec. 481.115(d). Police reports indicate a traffic stop was initiated due to an obscured license plate on a vehicle driven by the defendant. When asked for identification, Defendant allegedly provided a false driver's license and claimed her name was Peggy Denise Graves. The driver's license photo did not resemble Defendant, yet she allegedly continued to lie when questioned further. Passengers in her vehicle stated that they knew Defendant by the name of Aryona Faith. The DPS Troopers allowed the passengers to leave the scene on foot and Defendant was arrested for failure to identify. A search of the vehicle yielded a large bag of suspected methamphetamine (approximately 137 grams) within reach of the driver's seat. Defendant was transported to Hunt County Jail and claimed to have no other drugs at that time. However, upon arrival at the jail, a search of the area where Defendant was seated revealed a small baggie of methamphetamine on the floorboard. Defendant's identity was ultimately discovered and Defendant remained at the Hunt County Jail. According to the Hunt County Clerk's Office, Defendant pled No Contest to Failure to Identify on or about June 28, 2017, and was sentenced to 90 days confinement in Cause No. CR1700752. According to the Hunt County District Attorney's Office, Defendant has been appointed counsel but their office has yet to receive lab results confirming the suspected methamphetamine. The felonies remained pending and were expected to be presented to the Grand Jury in September 2017.
>
> Allegation 2. The defendant shall not illegally possess a controlled substance. The same facts asserted for Allegation 1 are asserted for Allegation 2.

2

Allegation 3. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. The same facts asserted for Allegation 1 are asserted for Allegation 3.

Allegation 4. The defendant shall not leave the judicial district without permission of the Court or probation officer. Here, it is alleged that Defendant did not have the Court or probation officer's permission to be in Hunt County, Texas, within the Northern District of Texas, when arrested on June 10, 2017.

Allegation 5. The defendant shall not commit another federal, state, or local crime. Here, it is alleged that Defendant was arrested on September 27, 2016 by the Denison, Texas, Police Department for failing to display a driver's license, in violation of Texas Transportation Code Sec. 521.025. Police reports indicate a traffic stop was initiated due to Defendant traveling too close to another vehicle. A passenger, identified as Bruce Frith, Jr., was observed tossing a baggy of suspected methamphetamine out of the moving car prior to the stop. The narcotics were recovered and Defendant was unable to provide a valid driver's license when commanded. Defendant's alleged criminal associate was arrested for tampering with evidence, possession of a controlled substance, and two outstanding Grayson County warrants. Defendant was arrested for the transportation violation and both individuals were taken to the Grayson County Jail. On December 6, 2016, the Denison Municipal Court issued a Capias Pro Fine warrant which remains active at this time.

Allegation 6. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Here, it is alleged that Defendant failed to notify the probation officer of her arrest by the Denison, Texas, Police Department on September 27, 2016, within 72 hours.

Allegation 7. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. Here, it is alleged that Defendant was questioned by a Fannin County, Texas, Sheriff's Sergeant on August 4, 2016 at her home regarding her vehicle being used in a theft nearby her home. Defendant stated that her vehicle was stolen the night before and told the Sergeant that the suspect, convicted felon Jeffery Gilbreath, was her boyfriend and had been in her home the entire night. These statements were recorded on body camera footage. On August 8, 2016, Defendant was interviewed again by the Sergeant at the Fannin County Sheriff's Office. Once more, Defendant insisted that Jeffery Gilbreath was asleep in her residence on the night of the theft. That interview was also video and audio recorded. At the time of her relationship with Jeffery Gilbreath, he was serving a three year term of supervised release and was also being supervised on state parole. Mr. Gilbreath is now incarcerated in the Fannin County Jail and awaiting revocation proceedings. Defendant's association with this convicted felon was not approved or granted by the probation officer.

Allegation 8. The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Here, it is alleged that Defendant failed to submit a written report form during the months of October, November, December 2016; and January, February, March, and April 2017.

Allegation 9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Here, it is alleged that Defendant was questioned on May 25, 2016 directly by the probation officer about her employment. Defendant claimed to work at IHOP in Sherman, Texas, and specifically stated that she was scheduled to work from 1:00 p.m. to midnight on that date. The probation officer conducted an employment check the same day and an IHOP manager stated that Defendant quit her job around May 19, 2016. When confronted about lying to the probation officer and failing to report this change of employment, Defendant admitted to both violations in writing. On or about June 21, 2016, Defendant began working at the Grand Café in Whitewright, Texas. On September 23, 2016, the probation officer contacted the café owner and was informed that Defendant had not shown up for work since September 14, 2016. Defendant failed to notify the probation officer of this change in employment. On September 6, 2016, Defendant submitted a written monthly report form indicating a change of residence to 305 Sherman Street in Bells, Grayson County, Texas. On September 13, 2016, U.S. Probation Officers attempted a new home inspection at the reported address. Upon arrival, Defendant's mother-figure, Janice Fuller, stated that Defendant only lived in the home a few days before being asked to leave for failing to help with living expenses. Defendant failed to notify the probation officer of this change in residence and has failed to contact the U.S. Probation Office since that date.

Allegation 10. The defendant shall notify the probation officer ten days prior to any change of residence or employment. The same facts asserted in Allegation 9 are asserted in Allegation 10.

Allegation 11. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer. Here, it is alleged that Defendant failed to submit a random drug test on April 22, 2016 at Addiction Treatment Resources in McKinney, Texas. On September 21, October 5, and October 20, 2016, Defendant failed to submit a random drug test at On-Scene Drugscreens in Sherman, Texas. Defendant was terminated from the random drug testing program on October 24, 2016 due to noncompliance. On September 17, 21, and 28, 2016, Defendant failed to attend substance abuse treatment at Texoma Counseling Associates (Blackburn Social Services) in Denison, Texas. Defendant was terminated from treatment due to unsuccessful progress on October 24, 2016.

## IV. Proceedings

On November 20, 2017, the undersigned convened a hearing pursuant to FED. R. CRIM. P. 32.1 to hear evidence and arguments on whether the Defendant violated her conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement had been reached as to a recommended disposition regarding the petition. The Defendant agreed to plead "true" to Allegation 1 in the petition. In addition, the parties agreed that the Defendant should be sentenced to a term of imprisonment of 18 months with no further supervised release.

## V. Applicable Law

According to 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years if such offense is a Class B felony, more than 2 years if such offense is a Class C or D felony, or more than 1 year in any other case. The original offense of conviction here was a Class C felony; therefore, the maximum sentence is 2 years of imprisonment.

Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke

the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992).

According to U.S.S.G. § 7B1.1(a),[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervision as alleged in Allegation 1 of the petition, the Defendant will be guilty of committing a Grade B violation. With Defendant's original criminal history category of V, the applicable guideline range for a Grade B violation is 18 to 24 months of imprisonment.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least 1 month but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than 6 months but not more than 10 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent

---

[1] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *see also United States v. Price*, 519 Fed.Appx. 560, 562 (11th Cir. 2013).

confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b). Any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner. (18 U.S.C. § 3553(a)(2)(B)–(D))

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(4) and 28 U.S.C. § 994(a)(3))

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(5))

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. (18 U.S.C. § 3553(a)(6))

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Analysis

The Defendant pled "true" to Allegation 1 in the petition that alleges that she violated a mandatory condition of release by committing another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation in the Petition for Warrant or Summons for Offender under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of her supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and her criminal history category is V. The policy statement range in the Guidelines Manual, read together with the applicable statutory maximum sentence, is 18 to 24 months of imprisonment. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation, together with the

aforementioned statutory sentencing factors, will best be served by a prison sentence of 18 months with no further supervised release.

### VII. Recommendation

It is recommended that the Court find that the Defendant violated a mandatory condition of release by committing another federal, state, or local crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

The Defendant should be sentenced to a term of 18 months of imprisonment with no further supervised release. Defendant's sentence should run consecutive to the sentences imposed in Hunt County, Texas, but should run concurrent to any sentence imposed in Anderson County, Cause No. 30653. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. The Defendant requested to serve her prison term at the Federal Correctional Institution in Waseco, Minnesota, to facilitate family visitation. The Defendant's request should be accommodated, if possible.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights on the record and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 18 months, followed by no further supervised release.

So ORDERED and SIGNED this 20th day of November, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE