IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:12-CR-00036-JCB |
| v. § | |
| § | |
| § | |
| § | |
| VALERIE LYNN DOYLE (3), § | |
| § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Valerie Doyle's motion to remove her federal detainer. (Doc. No. 187.) The motion was referred to the undersigned. Defendant was originally sentenced to seventy months imprisonment after pleading guilty to the offense of Possession of a List 1 Chemical with Intent to Manufacture Methamphetamine. (Doc. No. 184.) On March 21, 2016, Defendant completed her term of imprisonment and began a three-year term of supervised release. *Id*. On January 6, 2018, Defendant's supervised release was revoked for a violation of her conditions when she was arrested by Texas DPS Troopers in Hunt County, Texas for Failure to Identify, a violation of Texas Penal Code § 38.02. (Doc. Nos. 184, 186.) Defendant was committed to the custody of the United States Bureau of Prisons ("BOP") to be imprisoned for a total term of 18 months to run consecutive to any sentence imposed in Hunt County, TX, Cause Nos. 31855, 31823, and 31814, and to run concurrent to any sentence imposed in Anderson County, TX, Cause No. 30653. (Doc. No. 186, at 2.) No additional supervised release was ordered upon release from custody. *Id*. at 3.

Defendant is currently serving a fifteen-year sentence imposed by Anderson County and three sentences imposed by Hunt County (two ten-year sentences and one two-year sentence), running concurrently to one another in State Custody. In her motion, Defendant cites her Anderson County sentence and states that she has served her 18 months for her supervised release revocation because the sentence was to run concurrently with her Anderson County sentence. (Doc. No. 187.) Therefore, Defendant asks that her federal detainer be removed. *Id*. While Defendant is correct that her Anderson County sentence is to run concurrent to her federal sentence, Defendant's revocation judgment also stated that her federal sentence shall run *consecutive* to any sentence imposed by Hunt County. (Doc. No. 186, at 2.) As Defendant is currently serving her sentences imposed by Hunt County, there is no basis to remove her federal detainer at this time. Upon completion of her Hunt County sentences, the BOP will determine how long the Court's sentence authorizes future confinement in BOP. For these reasons, the Court **RECOMMENDS** that Defendant's motion (Doc. No. 189) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 3rd day of December, 2019.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE